## MARY E. FIELDS V. THE STATE.

No. 23442. Delivered October 30, 1946.
Rehearing Denied January 8, 1947.

*Feild & Woodall*, of Marshall, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is possessing whisky in a dry area. The punishment assessed is a fine of $200.00.

The record reflects that on the 31st day of January, 1946, appellant was arrested and charged with the possession of whisky in a dry area. She was immediately taken before the judge of the County Court, where she entered a plea of guilty to the charge. The judge, before accepting her plea of guilty, informed her that she was entitled to two days in which to plead to the charge; that she also had two days in which to employ counsel, whereupon she replied that she did not want to take the two days' time, but would enter her plea then. The Assistant County Attorney inquired of her, in the presence of the County Judge and before she plead guilty, if she had been promised anything by anyone to induce her to plead guilty, to which she replied in the negative. After a fine of $200.00 was imposed upon her, she employed attorneys, who filed a motion for a new trial in which they charged that she had been slapped by the

officer who threatened to take her to Jefferson and file a charge against her in the Federal Court unless she plead guilty in the County Court to the charge of possessing whisky in a dry area for the purpose of sale; that she was not guilty of the offense, but the treatment which she received at the hands of the officers, together with the threats which they made, induced her to enter said plea of guilty. On the hearing of the motion, the court heard evidence touching the allegations therein, and at the conclusion thereof overruled the same. Her testimony relative to the treatment of her by the officers was denied by them, as well as the fact that they threatened to take her to Jefferson unless she entered a plea of guilty. It is the established rule in this State that when the court, upon a motion for a new trial, hears evidence which raises an issue of fact and the trial court decides such issue, this court will not disturb the judgment of the trial judge. See Brewer v. State, 180 S. W. (2d) 167.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

By motion for rehearing aided by able oral presentation, appellant insists that, when viewed as a whole, the record reflects such an unfair trial and conviction as to require a reversal.

Appellant appears to have been advised fully as to her rights before entering the plea of guilty and to have advised the trial court that she was pleading guilty because she was guilty.

We note that upon the hearing of the motion, appellant introduced in evidence the officer's return upon the search warrant, which shows that—as a result of the search of appellant's home—there was found and seized "samples from one quart and one 2 gallon water bucket full of whisky that had been turned over."

In the light of this testimony we are unable to agree with appellant in her contention.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.