No. 72–1721.  WAINWRIGHT, CORRECTIONS DIRECTOR *v.* COTTLE.  C. A. 5th Cir.  Motion of respondent for leave to proceed *in forma pauperis* and certiorari granted. Judgment vacated and case remanded for further consideration in light of *Gagnon* v. *Scarpelli,* 411 U. S. 778 (1973).

MR. JUSTICE DOUGLAS, with whom MR. JUSTICE BLACKMUN concurs, dissenting.

In *Gagnon* v. *Scarpelli,* 411 U. S. 778, this Court was presented with the question whether an indigent probationer or parolee has a due process right to appointed counsel at revocation hearings.  Noting that

"due process is not so rigid as to require that the significant interests in informality, flexibility, and economy must always be sacrificed" by judicializing the revocation process with the presence of attorneys, a case-by-case analysis was held necessary for that determination. *Id.*, at 788. The Court today remands for such an analysis. But the only issue in this case is whether the court below was correct in holding that the Equal Protection Clause requires the right to appointed counsel at parole revocation hearings in cases where, unlike *Gagnon* v. *Scarpelli, supra,* a solvent parolee has a statutory right to the presence of retained counsel. *Gagnon* is inapposite. The State of Florida has already determined by statute that any interest in flexibility and informality derived from the absence of attorneys will *always* be sacrificed when a parolee of means desires the assistance of counsel. Whether in such cases the Equal Protection Clause demands that indigent parolees be afforded the same representation rights was not answered in *Gagnon.* I would take this case in order to decide it here.