**Roy Alton LANE, Petitioner-Appellant,**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent-Appellee.**

No. 72–1747.

United States Court of Appeals, Fifth Circuit.

April 4, 1974.

William A. Clineburg, Jr., Atlanta, Ga. (Court-appointed), for petitioner-appellant.

John W. Stokes, Jr., U. S. Atty., P. Bruce Kirwan, William P. Gaffney, Asst. U. S. Attys., Atlanta, Ga., for respondent-appellee.

Before RIVES, THORNBERRY and GOLDBERG, Circuit Judges.

PER CURIAM:

In an opinion issued April 26, 1973, 5 Cir., 477 F.2d 847, we reversed the district court's order denying appellant's petition for writ of habeas corpus. Relying on this Court's decision in Cottle v. Wainwright, 5 Cir. 1973, 477 F.2d 269, we held that the "constitutional principle . . . of 'equal protection of the laws,' mandates the appointment of counsel . . . where, as here, the authority revoking parole permits more affluent parolees to appear with retained counsel." We expressly pretermitted "any discussion of the question

of whether *due process* requires the appointment of counsel for indigents facing revocation of parole." (emphasis added).

Subsequent to our original opinion in this case, the Supreme Court in Gagnon v. Scarpelli, 1973, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656, held that, although due process does not require that counsel be provided for indigents in all probation revocation cases, the body conducting the proceedings must determine the need for counsel in each individual case. The state should provide counsel when the indigent probationer or parolee may have difficulty in presenting his version of disputed facts without the examination or cross-examination of witnesses or the presentation of complicated documentary evidence. The Court in *Scarpelli* set forth the following "general guidelines":

> Presumptively, it may be said that counsel should be provided in cases where, after being informed of his right to request counsel, the probationer or parolee makes such a request, based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate and that the reasons are complex or otherwise difficult to develop or present. In passing on a request for the appointment of counsel, the responsible agency also should consider, especially in doubtful cases, whether the probationer appears to be capable of speaking effectively for himself.

In every case in which a request for counsel at a preliminary or final hearing is refused, the grounds for refusal should be stated succinctly in the record.

411 U.S. at 790–791.

Several months after its decision in *Scarpelli*, the Supreme Court vacated the judgment of the Fifth Circuit in Cottle v. Wainwright, *supra,* and remanded the case for further consideration in light of *Scarpelli.* Wainwright v. Cottle, 1973, 414 U.S. 895, 94 S.Ct. 221, 38 L.Ed.2d 138. In view of the strong reliance in our original opinion in this case on the Fifth Circuit decision in *Cottle,* the Supreme Court's mandate compels us to reset our course in the case *sub judice.*[1]

Our decision of April 26, 1973, in the case *sub judice,* 477 F.2d 847, is hereby vacated. The order of the United States District Court for the Northern District of Georgia, denying appellant's petition for writ of habeas corpus, is reversed, and the case is remanded to the district court for consideration in light of Gagnon v. Scarpelli, *supra.*

Reversed and remanded.

RIVES, Circuit Judge (concurring specially):

I agree that our previous decision in this case should be vacated, and that the case should be remanded to the district court. At the same time, I wish to make clear my belief that Gagnon v. Scarpelli, 1973, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656, does not decide the equal protection issue discussed in our initial opinion.

The Supreme Court in *Gagnon* determined that a case by case analysis was necessary to determine whether an indigent probationer or parolee had a due process right to appointed counsel at revocation hearings. The Supreme Court subsequently vacated this Court's judgment in Cottle v. Wainwright, 5 Cir. 1973, 477 F.2d 269, and remanded that

---

1. This Court on its own motion took the case for rehearing en banc, 488 F.2d 534; but in an order issued February 22, 1974, the en banc Court remanded the case to this panel for disposition. 489 F.2d 1274.

case for further consideration in light of *Gagnon.* Wainwright v. Cottle, 1973, 414 U.S. 895, 896, 94 S.Ct. 221, 38 L. Ed.2d 138. The instant case on the equal protection issue is similar to *Cottle,* and our original opinion relied upon the holding in that case.

In dissenting from the majority's vacation and remand in *Cottle,* Justice Douglas, joined by Justice Blackmun, argued that *Gagnon* was "inapposite" to the issue raised in *Cottle.* Justice Douglas described the issue in *Cottle* as "whether the court below was correct in holding that the Equal Protection Clause requires the right to appointed counsel at parole revocation hearings in cases where, unlike Gagnon v. Scarpelli, *supra,* a solvent parolee has a statutory right to the presence of retained counsel." I agree that *Gagnon* does not decide the equal protection issue raised in *Cottle* and in this case.

The fact that Justices Douglas and Blackmun were in dissent does not necessarily mean that the majority disagreed with their analysis. The majority vacated and remanded this Court's judgment, but wrote no opinion. Possibly the majority acted upon the idea that application of *Gagnon* might make it unnecessary to reach the constitutional issue raised in *Cottle.* Or perhaps the majority felt that the question raised in *Cottle* deserved further study in light of *Gagnon.*

One difference between *Cottle* and this case deserves mention. In *Cottle,* the petitioner raised his equal protection claim under the equal protection clause of the Fourteenth Amendment. Lane is a federal probationer and therefore raised his equal protection claim under the due process clause of the Fifth Amendment. There remains a substantial question as to whether equal protection violative of the due process clause of the Fifth Amendment is coextensive with equal protection specifically protected by the Fourteenth Amendment. The intimation to that effect in Bolling v. Sharpe, 1954, 347 U.S. 497, 499, 74 S. Ct. 693, 98 L.Ed. 884, finds support not only in the earlier decided Supreme Court cases[1] but also in the later decisions.[2]

That constitutional question should not be reached unless the facts of the case so require. If made necessary by the facts developed upon remand, the district court should decide whether the federal government, having provided for representation by retained counsel, may constitutionally deny the assistance of counsel to those unable to pay attorneys' fees.

I therefore concur specially.

---

1. See, *e. g.,* Sunshine Coal Co. v. Adkins, 1940, 310 U.S. 381, 401, 60 S.Ct. 907, 84 L.Ed. 1263; Helvering v. Lerner Stores Co., 1941, 314 U.S. 463, 468, 62 S.Ct. 341, 86 L.Ed. 343; Detroit Bank v. United States, 1943, 317 U.S. 329, 337, 338, 63 S.Ct. 297, 87 L.Ed. 304.

2. Schneider v. Rusk, 1964, 377 U.S. 163, 168, 84 S.Ct. 1187, 12 L.Ed.2d 218; Shapiro v. Thompson, 1969, 394 U.S. 618, 642, 89 S.Ct. 1322, 22 L.Ed.2d 600; Hurtado v. United States, 1973, 410 U.S. 578, 590, 93 S.Ct. 1157, 35 L.Ed.2d 508 (see also dissenting opinion of Justice Douglas at p. 600); Frontiero v. Richardson, 1973, 411 U.S. 677, 680, 93 S.Ct. 1764, 36 L.Ed.2d 583; United States v. Kras, 1973, 409 U.S. 434, 458, 93 S.Ct. 631, 34 L.Ed.2d 626; Wainwright v. Cottle, *supra,* 414 U.S. at 896.