[No. 43112. En Banc. August 29, 1974.]

BYRLE L. DILLENBURG *et al.*, *Petitioners*, v. CHARLES R. MORRIS, *as Secretary of the Department of Social and Health Services, Respondent.*

[See 59 Am. Jur. 2d, Pardon and Parole § 97.]

*Richard Emery* and *Allen M. Ressler,* for petitioner Dillenburg.

*Richard T. Vlosich,* for petitioner Robinson.

*Slade Gorton, Attorney General,* and *Thomas A. Prediletto, Assistant,* for respondent.

HUNTER, J.—This case involves the applications for writs of habeas corpus by the defendants (petitioners), Byrle L. Dillenburg and Monty Ovenell Robinson. They contend that as indigents their constitutional rights have been violated by the failure of the State to provide counsel to represent them at their parole revocation hearings.

Although the two petitions present common issues before this court, the relevant facts in each case are as follows.

In 1966 the defendant, Byrle L. Dillenburg, was convicted of the crime of robbery in King County, and sentenced to imprisonment for a term of not more than 20 years. In May of 1970, the defendant was released on parole subject to certain rules and conditions, and in March of 1973, defendant's parole was suspended for allegedly violating the conditions of his parole. On April 25, 1973, the defendant appeared at an on-site revocation hearing before a member of the Washington State Board of Prison Terms and Paroles, pursuant to RCW 9.95.120. At that hearing the State was represented by an assistant attorney general who charged that the defendant had committed seven violations of his conditions of parole. The defendant, who represented himself at this hearing, pleaded not guilty to one of the charges and guilty to three others. Two of the charges were dismissed. The defendant requested the assistance of counsel as an indigent, but was informed by the board that counsel would have to be retained since no funds were available at that time for the purpose of furnishing counsel for an indigent at a parole revocation hearing. The board thereafter found that the defendant was guilty of five of the violations as charged and ordered that the defendant's parole be revoked and that he be returned to a correctional facility. While incarcerated at the correctional institution, the defendant filed a petition for writ of habeas corpus

with the Court of Appeals, Division One. We later accepted jurisdiction of the petition to consider the issues involved.

The defendant, Monty Ovenell Robinson, was convicted of the crime of second-degree burglary in Snohomish County in 1970, and sentenced to imprisonment for a maximum term of 15 years. On June 18, 1972, the defendant was released from custody subject to the rules and conditions of his parole, and thereafter, in March of 1973, an order was entered suspending the defendant's parole for allegedly committing certain acts in violation of his parole. On May 2, 1973, an on-site revocation hearing was held pursuant to RCW 9.95.120 in the Pierce County courthouse before a member of the Washington State Board of Prison Terms and Paroles, where the State was represented by an assistant attorney general and the defendant represented himself. At the time of the hearing the defendant claimed to be indigent, and requested of both his parole officer and the board that an attorney be appointed to represent him at the proceedings. This request, however, was denied by the presiding member of the Board of Prison Terms and Paroles, and the defendant pleaded guilty to seven violations and not guilty to two violations as charged by the State. The board later found that the defendant was in fact guilty of eight of the nine violations, and ordered that the defendant's parole be revoked and the defendant be returned to the correctional center for further determination of a new minimum term of confinement.

The defendant thereafter filed a petition for writ of habeas corpus with Division Two of the Court of Appeals, alleging that under the Constitutions of the State of Washington and the United States he was illegally incarcerated and should be released. Due to the allegations made by the defendant and the response made by the State in its motion to dismiss, the Court of Appeals, pursuant to CAROA 56(k), ordered the cause remanded to the Superior Court for Pierce County to hold an evidentiary hearing to resolve whether, at the on-site hearing held on May 2, 1973, the defendant (1) voluntarily waived his right to counsel, and

(2) voluntarily entered a plea of guilty. In accordance with this "order of remand and transfer of custody," the Superior Court for Pierce County thereafter entered findings of fact on February 28, 1974, holding, among other things: (1) that the defendant was indigent and unable to afford retained counsel at the time of the parole revocation hearing; (2) that the defendant requested assistance of counsel through his parole officer, and that his parole officer explained to him, pursuant to his rights and privileges under RCW 9.95.120, that funds were not available for appointment of counsel; (3) that prior to the hearing the defendant requested of the presiding board member that he be appointed counsel; (4) that the defendant was advised by the board that it did not have the power under RCW 9.95.122 to appoint counsel, but that the defendant was offered the opportunity to continue the revocation hearing in order to procure counsel; (5) that the defendant declined the opportunity to have the matter continued and agreed to proceed; (6) that the defendant waived his statutory right to retained counsel, but did not do so voluntarily; and (7) that the defendant voluntarily entered pleas of guilty to seven of the nine violations specified against him. Meanwhile, pursuant to an order, this court obtained jurisdiction in the instant case to consolidate and consider the cause with the application for writ of habeas corpus filed by the defendant Dillenburg.

Both defendants contend that as indigents they were denied equal protection of the law under article 1, section 12, of our state constitution, and the fourteenth amendment to the United States Constitution, in not being provided counsel to represent them at their respective parole revocation hearings when those defendants who are able to afford counsel are permitted to retain counsel at their own expense at these hearings.

In analyzing the defendants' contention in this case, we recognize that the revocation of parole is not part of a criminal prosecution, and thus the full panoply of rights

due a defendant in such a proceeding does not apply to parole revocations. *Mempa v. Rhay,* 389 U.S. 128, 19 L. Ed. 2d 336, 88 S. Ct. 254 (1967). The United States Supreme Court in the recent case of *Morrissey v. Brewer,* 408 U.S. 471, 33 L. Ed. 2d 484, 92 S. Ct. 2593 (1972), however, has established that the constitutional guaranties afforded a parolee should no longer turn upon whether his or her liberty is characterized as a "privilege" or a "right." The court there stated on page 482:

> [T]he liberty of a parolee, although indeterminate, includes many of the core values of unqualified liberty and its termination inflicts a "grievous loss" on the parolee and often on others. It is hardly useful any longer to try to deal with this problem in terms of whether the parolee's liberty is a "right" or a "privilege." By whatever name, the liberty is valuable and must be seen as within the protection of the Fourteenth Amendment.

In support of their contention the defendants rely primarily upon *Cottle v. Wainwright,* 477 F.2d 269 (5th Cir. 1973). We agree with the reasoning of the Fifth Circuit Court of Appeals. In that case an indigent defendant was denied the appointment of counsel at a parole revocation hearing in the state of Florida. The Florida statute provided on page 270:

> "As soon as practicable after the arrest of a person charged with violation of the terms and conditions of his parole, such parolee shall appear before the commission in person, and *if he desires he may be represented by counsel,* and a hearing shall be had at which the state and the parolee may introduce such evidence as they may deem necessary and pertinent to the charge of parole violation." F.S. § 947.23, F.S.A. (Emphasis supplied).

The court stated on pages 271 and 272 as follows:

> We consider first whether the Equal Protection Clause of the Fourteenth Amendment to the Constitution requires that the state of Florida appoint counsel for indigent parolees unable themselves to retain counsel to represent them at parole revocation hearings. This question, of course, arises specifically within the framework of Florida's legislative scheme pertaining to parole revoca-

tion, which, among other things, provides that a parolee, if he desires, "may be represented by counsel" at his parole revocation hearing. We are of the view that inasmuch as such assistance is, by statute, available to those who can afford it, it should likewise be available to those who cannot.

. . .

. . . As the Court said in Douglas [*Douglas v. California*, 372 U.S. 353, 9 L. Ed. 2d 811, 83 S. Ct. 814 (1962)], "[t]here is lacking that equality demanded by the Fourteenth Amendment where the rich man, who appeals as of right, enjoys the benefit of counsel's examination into the record, research of the law, and marshalling of arguments on his behalf," while the indigent is left to shift for himself. 372 U.S. at 358, 83 S. Ct. at 817.[1]

Also see cases in accord cited by the defendants. *Earnest v. Willingham*, 406 F.2d 681 (10th Cir. 1969); *Lane v. Attorney General of the United States*, 477 F.2d 847 (5th Cir. 1973); and *Dobbs v. Wallace*, ............ W. Va. ............, 201 S.E.2d 914 (1974).

Our statute, RCW 9.95.122, also provides, as does the Florida statute, that an alleged parole violator shall be entitled to be represented at any on-site parole revocation hearing by an attorney of his own choosing at his own expense. Our legislature, however, has gone further in providing that an indigent may, upon request, be furnished counsel at state expense providing funds are available. RCW 9.95.122, *supra*. This proviso, conditioning the appointment of counsel for an indigent upon the availability of funds, is of no consequence, however, since an indigent

---

[1]The judgment in this case was vacated by the United States Supreme Court in *Wainwright v. Cottle*, 414 U.S. 895, 38 L. Ed. 2d 138, 94 S. Ct. 221 (1973), and remanded to the United States Court of Appeals for the Fifth Circuit for further consideration in light of *Gagnon v. Scarpelli*, 411 U.S. 778, 36 L. Ed. 2d 656, 93 S. Ct. 1756 (1972). *Gagnon* was decided on due process grounds. Justice Douglas, in his dissent in *Wainwright*, explained that the United States Supreme Court did not meet the issue of equal protection, stating on page 896:

Whether in such cases the Equal Protection Clause demands that indigent parolees be afforded the same representation rights was not answered in *Gagnon*. I would take this case in order to decide it here.

parolee who requests an attorney and is denied state-appointed counsel because of the unavailability of funds, would nevertheless be deprived of his state and federal guaranties of equal protection under the law.

The defendants further contend they were denied their constitutional guaranty of due process under the state and federal constitutions by the refusal of the State to provide counsel to represent them at their parole revocation hearings. We need not consider this contention and other arguments made by the defendants in view of our disposition of this case.

It is ordered, therefore, that the writs of habeas corpus of the defendants be granted, with direction that they be released from custody unless an on-site revocation hearing is held within 30 days at which time the defendants will be represented by counsel at the expense of the State.

HALE, C.J., and FINLEY, ROSELLINI, HAMILTON, STAFFORD, WRIGHT, UTTER, and BRACHTENBACH, JJ., concur.