[No. 7327–1–III.  Division Three.  August 12, 1986.]

*In the Matter of the Personal Restraint of*
HARLAN JAMES EARL, *Petitioner.*

*Patricia J. Arthur* of *Evergreen Legal Services,* for petitioner.

*Kenneth O. Eikenberry, Attorney General,* and *Aaron K. Owada, Assistant,* for respondent.

GREEN, C.J.—Harlan James Earl seeks relief from per-

sonal restraint imposed as a result of his conviction in 1975 in Yakima County for first degree rape. Mr. Earl asks this court to order his immediate release from prison alleging that the Board of Prison Terms and Paroles refuses to release him on parole for unconstitutional reasons.

From the petition, response and reply, together with the exhibits filed by both sides, we glean the following facts necessary to our opinion.

On September 30, 1976, the Board set Mr. Earl's discretionary minimum term at 10 years. By order dated January 31, 1983, the Board initially authorized a tentative parole release date of November 21, 1983, subject to a Board approved plan.

After a failed work release attempt, Mr. Earl was accused of making "sexually inappropriate comments" via telephone calls to an 11-year-old girl in December 1983. Mr. Earl denied the accusation. No criminal charges were brought following a Pierce County investigation.

Various institutional hearings were held regarding this allegation and Mr. Earl's eligibility for parole. Although an institutional disciplinary hearing found Mr. Earl guilty of the infraction for making the calls, the superintendent of the McNeil Island prison, on April 16, 1985, vacated that finding as well as all sanctions imposed.

On July 15, 1985, the Board conducted a new parole hearing pursuant to RCW 9.95.100. Although at the hearing the Board canceled all pending disciplinary actions relating to the alleged phone calls, parole was denied based on a report prepared by a social worker which in turn relied on the phone call allegations.[1]

The Board indicated they would parole Mr. Earl to a Board approved plan, but only after the Department of Corrections and Mr. Earl supplied the Board with some specific information. The Board also required Mr. Earl to obtain psychiatric evaluations which show that his sexual

---

[1] We note parenthetically that the Board now stipulates to not use that report or any allegation regarding the phone calls in redetermining eligibility for parole.

psychopathy has been mitigated by his incarceration. Mr. Earl alleges that he is indigent and cannot pay for the evaluations required by the Board.

Mr. Earl contends that he has been denied due process by the Board by holding him beyond his original release date and that he has been denied equal protection by requiring him to pay for his reports when he is indigent.

Because the petition raised issues similar to those raised in *In re Ayers,* 105 Wn.2d 161, 713 P.2d 88 (1986), we initially stayed this petition pending the mandate in *Ayers.* Counsel were given an opportunity to supplement the petition and response after *Ayers* was filed.

*Ayers* is dispositive of most of Mr. Earl's due process claims. *Ayers* held that there is no protected liberty interest in the "potential of parole", and, therefore, due process requirements do not apply. *Ayers,* at 164 (citing *Greenholtz v. Inmates,* 442 U.S. 1, 60 L. Ed. 2d 668, 99 S. Ct. 2100 (1979)). *Ayers* concluded, however, that because certain Board rules had been violated, the cases would be returned to the Board. We also conclude this case must be returned to the Board to eliminate any requirement that Mr. Earl pay for his own psychological testing as a prerequisite for parole.

■ State and federal case law in this area recognize the possibility that an indigent prisoner could be denied equal protection of the law under article 1, section 12 of our state constitution and the fourteenth amendment to the United States Constitution, if the indigent prisoner is denied counselors and evaluations for parole when those prisoners who are able to afford counseling and parole evaluations are permitted to do so to be paroled. *See Dillenburg v. Morris,* 84 Wn.2d 353, 525 P.2d 770 (1974); *Douglas v. California,* 372 U.S. 353, 9 L. Ed. 2d 811, 83 S. Ct. 814 (1963); *Griffin v. Illinois,* 351 U.S. 12, 100 L. Ed. 891, 76 S. Ct. 585, 55 A.L.R.2d 1055 (1956).

The Board's determination that it will release Mr. Earl on parole only if he satisfies certain conditions which are allegedly financially impossible could effectively deny him

parole prior to the expiration of his maximum term.

We do not know if Mr. Earl is truly indigent, nor can we make that determination. The Board is in a better position to administratively determine if a prisoner has the necessary funds to participate in any form of counseling or psychological evaluations.

Accordingly, we dismiss that portion of the petition seeking immediate release for alleged due process violations in the parole hearings previously conducted. However, we remand the balance of the petition to the Board to conduct such further hearings as are necessarily consistent with their rules and this opinion. These hearings should be conducted within 45 days of the remand. These hearings should determine the present eligibility of petitioner for parole in light of his present financial ability to pay for any treatments and/or psychological reports. Access to any psychological counseling or tests should not be denied to petitioner on the basis of indigency.

McINTURFF and THOMPSON, JJ., concur.