## MAY 24, 1944

### Earl C. Brewer v. The State.

No. 22822. Delivered April 26, 1944.
Rehearing Denied (Without Written Opinion) May 24, 1944.

The opinion states the case.

*Coleman Cline, Chas. T. Groce,* and *W. E. Myres,* all of Fort Worth, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted of the offense of aggravated assault and his punishment was assessed at confinement in the county jail for a period of two years.

The record discloses that on the 7th day of September, 1943, appellant was arrested for the offense of aggravated assault. On the following day he was brought from the jail to the County Court, where he entered a plea of guilty to the court, notwithstanding the court admonished him of the consequences thereof before accepting his plea. On the following day he obtained the services of attorneys who, in due time, filed a motion for new trial in which it was charged: First, that he was not permitted to communicate with counsel nor with any member of his family or friends; second, that he was not advised prior to the time of his trial that he was entitled by law to two full days after the filing of the complaint in which to file pleadings and prepare for trial; third, that at his trial no sworn testimony was heard by the Court, that the Assistant Criminal District Attorney merely informed the court of the facts which he had gathered by investigation of the offense; and fourth, that he (appellant) was advised by the Assistant Criminal District Attorney that the acts which he had committed might be sufficient to constitute

a felony under a recent act of the Legislature, and that as a result of such statement he became frightened, and therefore, his plea of guilty was not voluntary, etc. Upon the hearing of the motion the court heard evidence relative to the averments therein and at the conclusion thereof overruled the same. We would not be authorized, under the facts disclosed by the record, to hold that the court abused his discretion with respect thereto. Appellant did not even take the witness stand and testify to any facts supporting the allegations in his motion for new trial. The District Attorney, the County Judge, and the officers who arrested the appellant all testified denying the acts attributed to them in the motion for new trial.

This being a misdemeanor case, the court was not required to admonish the appellant of the consequences of his plea as in felony cases. See 12 Tex. Jur. p. 635, sec. 297; Burton v. State, 112 Tex. Cr. R. 334; Johnson v. State, 39 Tex. Cr. R. 625.

In misdemeanor cases, the accused may waive a trial by jury. In the instant case, the County Judge testified that appellant waived a trial by jury, and it appears from the recitals in the judgment that this is true.

The other matters urged in his motion were not supported by any evidence, and the trial judge's decision on such issues as were raised is as binding on this court as the verdict of the jury.

It is therefore ordered that the judgment of the trial court be, and the same is, in all things affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.