ROBERT TOWNSEL v. STATE

No. 27,814. November 16, 1955

*E. T. Miller* and *Harold D. Sanderson,* Amarillo, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

On a plea of guilty before the court to the offense of selling whisky in a dry area, appellant's punishment was assessed at eight months in jail and a fine of $500.

There is no statement of facts on the main trial if in fact any evidence was heard.

Appellant's motion for a new trial alleges that he was coerced into entering a plea of guilty when in fact he was not guilty. He further alleged that he was placed in jail on May 15 and the complaint and information was filed May 16, charging the offense to have been committed on May 15, and that on May 16 the sheriff brought him before the court and stood by him during the trial; that he was asked about other liquor cases in which he had been involved and then asked how he desired to plead in this case, to which he answered that he wanted to plead guilty and asked for leniency. He alleged also that while in jail he requested but was not allowed to communicate with anyone; that he was not admonished by the court as to his right of trial by jury, his right to have two days to prepare for trial or his right to be represented by counsel.

The facts alleged in said motion were supported by the affidavit of the appellant. Appellant's employer's affidavit states that the sheriff refused to let him see appellant about 8:30 A.M. and soon thereafter appellant was brought to the county judge's office; that on his own initiative he tried to get an attorney, and upon returning to the county judge's office heard the charges being presented in the case, to which appellant entered a plea of guilty and asked for leniency; and the court then inquired as to other similar charges, found him guilty, and assessed his punishment. He further states that appellant was

not informed that he was entitled to two days to prepare for trial, a trial by jury, or counsel to represent him.

The state controverted said motion for a new trial, and offered in evidence the affidavits of the sheriff, county attorney, and the county judge, each of which denied that appellant was refused time to prepare for trial, the right of trial by jury or the right to secure counsel, but stated that no request for same was made by appellant, and that he freely and voluntarily entered his plea of guilty with a request for leniency.

An accused may waive his right to two days within which to prepare for trial and the right to be represented by counsel. Art. 11, Vernon's Ann. C.C.P., 12 Texas Jur. 618, Sec. 285.

It is not necessary that the court admonish the accused of the consequences of his plea of guilty in a misdemeanor case. Johnson v. State, 39 Texas Cr. R. 625, 48 S.W. 70; Letterman v. State, 146 Texas Cr. R. 37, 171 S.W. 2d 349; Bumguardner v. State, 147 Texas Cr. R. 188, 179 S.W. 2d 768.

Whether appellant was denied his rights at the trial as here contended or waived them was a controverted issue which the trial court decided adversely to him.

We conclude that the court upon the evidence offered did not abuse his discretion in overruling said motion. Berry v. State, 159 Texas Cr. R. 492, 265 S.W. 2d 86; and Art. 757, Vernon's Ann. C.C.P.

Finding no reversible error, the judgment of the trial court is affirmed.

Opinion approved by the court.