**Ervin Leroy FOSTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40796.**

Court of Criminal Appeals of Texas.

Nov. 29, 1967.

Rehearing Denied Jan. 17, 1968.

## OPINION

BELCHER, Judge.

The conviction is for driving while intoxicated upon a plea of guilty before the court; and the punishment was assessed at three days in jail and a fine of $150.

The record reveals that the appellant was represented by counsel at the trial and on appeal.

No transcript of the evidence or formal bill of exceptions accompany the record.

In his brief, the appellant asserts that the trial judge should have warned him of his right to trial by jury and of the consequences of his plea of guilty.

Upon a plea of guilty in a misdemeanor case the defendant may demand a jury or if he does not, the punishment may be assesssed by the court, either upon or

without evidence, at the discretion of the court. Carter v. State, Tex.Cr.App., 400 S.W.2d 571; Bruce v. State, Tex.Cr.App., 419 S.W.2d 646, dated October 25, 1967.

 It is not necessary that the court admonish the accused of the consequences of his plea of guilty in a misdemeanor case. Townsel v. State, 162 Tex.Cr.R. 221, 283 S.W.2d 944.

The complaint, information, judgment and sentence all appear to be regular.

The judgment is affirmed.