James Louis **JOHNSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46670.

Court of Criminal Appeals of Texas.

April 18, 1973.

Melvyn Carson Bruder, Dallas, for appellant.

Henry Wade, Dist. Atty., and W. T. Westmoreland, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of driving while intoxicated; punishment was assessed at two years in jail and a fine of $500.00.

The original appeal in this cause was dismissed by per curiam opinion on February 2, 1972, because no sentence was shown to have been pronounced after the expiration of the time allowed for making a motion for a new trial as provided by Article 42.03, Vernon's Ann.C.C.P. The appellant was resentenced on June 2, 1972, notice of appeal was given and the cause is properly before us at this time.

■ Initially, appellant contends that the trial court did not admonish him as to the consequences of his plea of guilty in this misdemeanor case, and that Article 26.13, V.A.C.C.P., requires such admonishment. In the recent case of Whelan v. State, Tex. Cr.App., 472 S.W.2d 140, this same contention was asserted and was rejected by this court. In Whelan v. State supra, we stated:

"This being a misdemeanor conviction, there is no necessity for the trial court to admonish the defendant on his plea of guilty."

We adhere to that ruling herein. Further, it is noted that the docket sheet in the instant case recites that the appellant was admonished.

■ Finally, appellant complains of the admission into evidence of exhibits relating to his prior criminal record. Such contention is without merit as the record shows appellant affirmatively waived any objection to the admission of such exhibits

into evidence. Frey v. State, Tex.Cr.App., 466 S.W.2d 576. Additionally, his contention that such prior convictions do not show that he was represented by counsel is also without merit. There is no showing in the record that appellant was indigent or that he did not waive counsel. Taylor v. State, Tex.Cr.App., 470 S.W.2d 663.

There being no reversible error, the judgment is affirmed.