*Agustin* **LOPEZ, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 46148.

Court of Criminal Appeals of Texas.

March 27, 1974.

Knox Jones, McAllen, for appellant.

Oscar McInnis, Dist. Atty., Thomas P. Berry, Asst. Dist. Atty., Edinburg, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION AND ORDER REINSTATING THE APPEAL

DALLY, Commissioner.

The indigent appellant is now represented by counsel and a brief has been filed. The appeal is ordered reinstated and we will consider the ground of error raised on appeal.

It is urged that the trial court erroneously admitted into evidence at the punishment phase of the trial two void convictions. During the punishment phase of the trial for the purpose of showing the appellant's prior criminal record as provided by Article 37.07, Section 3(a), Vernon's Ann. C.C.P. the State offered and the Court admitted judgments of two prior convictions for the misdemeanor offense of defrauding by worthless check. The appellant says that these prior convictions were obtained while he was indigent, uncounseled, did not know of his right to counsel and had not waived counsel. He relies upon Ex parte Olvera, 489 S.W.2d 586 (Tex.Cr.App. 1973).

The record reflects that the punishment assessed for each of the two prior convictions was a fine of $1.00. The punishment did not include imprisonment. Since the punishment assessed on the prior convictions did not include imprisonment the judgments were not void even though the appellant was not represented by counsel and did not waive counsel. See Aldrighetti v. State, 507 S.W.2d 770 (March 27, 1974) and Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972).

In Aldrighetti v. State, supra, a distinction was drawn between prior convictions where punishment did not include imprisonment such as those used here and those where the punishment did include imprisonment such as the ones used in Ex parte Olvera, supra.

Furthermore, when the prior convictions were offered in this case appellant's counsel said "No objection." Thus, no error was preserved. See Aldrighetti v. State, supra.

The judgment is affirmed.

Opinion approved by the Court.

ONION, Presiding Judge (Dissenting).

For the reasons set forth in my opinion concurring in part and dissenting in part in Aldrighetti v. State, 507 S.W.2d 770 (March 27, 1974), I dissent to the disposition by the majority of this case.