299 So.2d 586 (1974)
Margaret ROLLINS, Appellant,
v.
The STATE of Florida, Appellee.
Sco BROWN, Appellant,
v.
The State of Florida, Appellee.
Nos. 42992, 42993.
Supreme Court of Florida.
February 13, 1974.
As Amended on Denial of Rehearing April 24, 1974.
*587 Phillip A. Hubbart, Public Defender, William Aaron, Asst. Public Defender, and Bruce S. Rogow, Coral Gables, for appellants.
Richard E. Gerstein, State's Atty. and Richard J. Registro, Asst. State's Atty., for appellees.

REVISED OPINION
BOYD, Justice.
This cause is before us on appeal from the Metropolitan Court, Dade County. The trial court, in its final order, directly construed the Sixth and Fourteenth Amendments to the Constitution of the United States, giving this Court jurisdiction of the direct appeal under Section 3 of Article V of the Florida Constitution, F.S.A. The facts of the case are as follows:
On August 12, 1972, appellant Rollins was arrested and charged with four traffic offenses, which constituted alleged violations of both State statutes and local ordinances. On August 16, 1972, appellant Rollins plead guilty to the aforementioned charges in the Metropolitan Court in and for Dade County, Florida, without the benefit of counsel. She was not advised of her right to counsel, nor did she waive that right. She was then sentenced to pay fines and court costs totalling $843.00, or in default of such payment, to be committed to the Dade County Jail for a term of 57 days. Because she did not pay the fine, she was immediately incarcerated.
On August 28, 1972, appellant Brown was arrested and charged with petit larceny, a misdemeanor under Section 811.021, Florida Statutes, F.S.A. On August 29, 1972, appellant Brown plead guilty to the aforementioned charge in the Metropolitan Court in and for Dade County, Florida, without the benefit of counsel. He was not advised of his right to counsel, nor did he waive that right. He was then sentenced to pay a fine and court costs totalling $256.00, or in default of such payment, to be committed to the Dade County Jail *588 for a term of 17 days. Because he did not pay the fine, he was immediately incarcerated.
On September 7, 1972, pursuant to an order of a Circuit Court judge, both appellants were brought before the Metropolitan Court to determine whether they had been denied their right to counsel under Argersinger v. Hamlin.[1]
After an inquiry as to the appellants' financial ability to employ counsel, the Public Defender was appointed. Counsel argued that because each appellant had actually been imprisoned as a result of a counsel-less conviction, without waiver, the convictions violated the right to counsel guaranteed by the Sixth Amendment and Argersinger v. Hamlin, supra, requiring new trials. It was agreed that if the cases presented only Tate v. Short[2] violations, then the appellants' relief would only be from incarceration.
The trial court adopted the latter position, releasing the appellants on their own recognizance and staying execution of the fines pending appeal.
On October 5, 1972, the trial court rendered its written order wherein it: (1) construed the Sixth and Fourteenth Amendments to the Constitution of the United States and held that no violation of Argersinger occurs when the sentence is merely a fine and not imprisonment; (2) decided that the sentences in the instant case were fines; and, (3) concluded that the Sixth and Fourteenth Amendments do not therefore control and the defendants were not entitled to relief under Argersinger. The Motions for New Trials were denied.[3]
The stays of execution of the sentences were extended and counsel immediately filed Notices of Appeal.
On June 12, 1972, the Supreme Court of the United States extended the right to counsel requirement embodied in the Sixth Amendment to all cases which result in a loss of liberty. Argersinger v. Hamlin.[4] The Court extended the logic of Powell v. Alabama,[5] and Gideon v. Wainwright,[6] both involving felony convictions, saying: "their rationale has relevance to any criminal trial, where an accused is deprived of his liberty."[7] A guilty plea resulting in a jail sentence is also invalid absent counsel.[8] Any trial, whether on a felony or misdemeanor charge, requires counsel if it may end up "in the actual deprivation of a person's liberty."[9]
We have provided a method of insuring that this requirement is satisfied in our new rules of criminal procedure, which became effective February 1, 1973, through Rule 3.111(b)(1), 33 F.S.A.:
"Counsel does not have to be provided to an indigent person in a prosecution for a misdemeanor or violation of a municipal ordinance if the judge, prior to trial, files in the cause a statement in writing that the defendant will not be imprisoned in the event he is convicted."
The instant cases, of course, arose before the effective date of this rule, and *589 there were no orders of "no imprisonment" entered. However, there was also no imprisonment, in either case, for the misdemeanors on which the appellants were tried. Each of the appellants was sentenced to a fine, with the condition that if the fine was not paid imprisonment for a certain number of days would result. The fines were not paid, the appellants were imprisoned; they subsequently established their indigency, and they were released from prison. We hold that this procedure did not violate Argersinger. We also hold that there was no violation of Tate v. Short, since the appellants were released once they established their indigency.
If the appellants had been kept in prison after they had established their indigency, and if they had not then been provided counsel, there would have been a violation of Tate v. Short. There might also have been a violation of Argersinger, but we are not convinced that the United States Supreme Court intended to extend the right to counsel beyond a criminal trial to a proceeding which amounts to no more than a civil contempt. However, even if counsel is required to be provided, a failure to do so would vitiate only the contempt proceeding  not the original conviction. Also, since a defendant is not entitled to state-appointed counsel until he establishes his indigency, the question of whether or not there has been an Argersinger violation is somewhat irrelevant. If the defendant establishes his indigency and a right to state-appointed counsel, he cannot  under Tate v. Short  be imprisoned for not paying his fine. If he cannot be imprisoned, then he has no right to state-appointed counsel. It is clear, therefore, that only Tate v. Short has any relevance to post-conviction proceedings to enforce payment of fines.
In Tate v. Short, the Supreme Court of the United States held that the Equal Protection clause of the Constitution of the United States prohibits the conversion of a fine into imprisonment solely because of a defendant's indigency. We pointed out, however, in City of Orlando v. Cameron,[10] that the Tate v. Short decision did not foreclose the State from imprisoning a defendant with the means to pay a fine who refuses or neglects to do so, nor did it absolutely preclude the State from using methods such as installment payments to collect fines even from indigents.
In Cameron, we suggested that the Legislature address itself to the question of installment payments, because Section 937.11 (2), Florida Statutes, F.S.A., required that a defendant who is ordered to pay a fine and costs must pay them within twenty-four hours or be imprisoned until they are paid. Since then, the Legislature has repealed § 937.11 (Ch. 72-404, Laws of Florida), effective January 1, 1973.
In view of the Tate opinion, supra, it is our view that an indigent defendant who is unable to pay fines, when sentenced in the alternative to pay a fine or be imprisoned, must be given an opportunity by the trial court to pay the fine. This can usually be accomplished by deferring the imposition of sentence for a definite time or times as shall comport with justice in the cause. In no event shall an indigent be imprisoned for nonpayment of a fine by means of an alternative sentence, but, in the absence of an alternative sentence, an indigent may be sentenced to imprisonment.
The petition for rehearing of these consolidated cases is visited to the revised opinion and is hereby
DENIED.
ADKINS, C.J., ROBERTS, ERVIN, McCAIN, DEKLE and CARLTON (Retired), JJ., Concur.
NOTES
[1] 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530, reversing State ex rel. Argersinger v. Hamlin, 236 So.2d 442 (Fla. 1970).
[2] 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971).
[3] The pertinent part of the trial court's order reads: "It is the opinion of this Court in construing the Sixth and Fourteenth Amendments to the Constitution of the United States, that no violation of Argersinger occurs when the sentence is a fine, not imprisonment. Because the sentences in these cases were fines, the Sixth and Fourteenth Amendments and Argersinger v. Hamlin do not control and the defendants are not entitled to new trials."
[4] See note 1, supra.
[5] 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932).
[6] 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).
[7] 407 U.S. at 32, 92 S.Ct. at 2010.
[8] Id. at 34, 92 S.Ct. 2006.
[9] Id. at 40, 92 S.Ct. at 2014.
[10] 264 So.2d 421 (Fla. 1972).