**Frank BAKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48812.**

Court of Criminal Appeals of Texas.

March 12, 1975.

Charles W. Fairweather, Amarillo, for appellant.

Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ON APPELLANT'S MOTION
FOR REHEARING

ROBERTS, Judge.

This is an appeal from a conviction for the misdemeanor offense of unlawful possession of beer, wine, and whiskey in a dry area for the purpose of sale. In a unitary trial in county court upon appellant's plea of not guilty, he was convicted by a jury which assessed his punishment at one (1) year in jail and a fine of five hundred dollars ($500.00). The appeal was originally dismissed for want of jurisdiction in an unpublished per curiam opinion dated June 5, 1974. After the submission of a supplemental transcript, the appeal was reinstated and affirmed in another unpublished per curiam opinion dated January 15, 1975 to which Judge Douglas dissented.

The sole contention proffered in the motion for rehearing is that appellant was forced to trial without benefit of counsel. The record affirmatively reveals that appellant was charged by complaint and information in November of 1972 and shortly thereafter retained counsel to represent him. It appears the court and the prosecution were so informed. The trial was set for November 29, 1973, a year after the original filing of the complaint and information. In a letter to the court dated November 19, 1973, appellant's retained counsel advised the court he had no intention of postponing the trial of the case. On the

day of trial, counsel for appellant failed to appear.[1] Thereupon, appellant was forced to trial in the absence of his attorney without objection. There is no claim of indigency.

After our original opinion of June 5, 1974, wherein we dismissed the appeal for jurisdictional defects, counsel for appellant gave written notice of appeal on July 8, 1974. This was the first evidence of any active participation in the case since seven months earlier when appellant was convicted in counsel's absence. Counsel did not submit briefs on either of the two earlier appeals but has waited until this late date, on motion for rehearing, to present for the first time any legal arguments on behalf of his client. It is curious that counsel has at last decided to afford this Court the benefit of a brief in this case. The conduct of counsel in this case is, indeed, remiss and has at the very least emasculated the effectiveness of his legal services to appellant, if not deprived him of "reasonably competent assistance" of counsel. See the concurring opinion in Ex Parte Gallegos, 511 S.W.2d 510 (Tex.Cr.App.1974). While we have grave reservations about the attorney's behavior in the case at bar, we do not address ourselves to the issue of the "effective assistance" of counsel. However, we do admonish the practicing bar that such conduct must not and cannot be condoned by this Court.

The Supreme Court in Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L. Ed.2d 530 (1972), after discussing the constitutional authorities involved, stated:

> "We hold, therefore, that absent a knowing and intelligent waiver, *no person may be imprisoned* for any offense, whether classified as petty, misdemeanor, or felony, *unless he was represented by counsel at trial.*" (Emphasis added)

 In the instant case, there is nothing in the record before us to show a knowing and intelligent waiver by appellant of his right to be represented by counsel at trial; and we cannot presume such waiver from a silent record. Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L. Ed.2d 70 (1962). While we need not discuss what, if any, actions the trial court may have taken to get the instant case to trial, trying the appellant in the absence of counsel without a waiver was not one of them.

The judgment is reversed and the cause remanded.

---

1. Fifteen minutes before the trial was scheduled to begin, the judge received in the mail an unsworn motion for continuance. The motion was not signed by the attorney of record but rather by his law partner. It was alleged in the motion that retained counsel was unable to be present because of a trial in district court in Hutchinson County. Subsequently in refusing bills of exception, the trial judge found that the attorney signing the motion was not in trial in Hutchinson County.