Everett Joe HOOPER, Appellant,

v.

The STATE of Texas, Appellee.

No. 56518.

Court of Criminal Appeals of Texas.

Oct. 29, 1977.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

Appellant was convicted by a jury for resisting arrest, a violation of V.T.C.A. Pe-

nal Code, Sec. 38.03. The jury assessed punishment of 90 days in jail.

The record is before us without a transcription of the court reporter's notes. Although a docket entry in the record reflects that appellant is represented by retained counsel on appeal, no brief was filed in appellant's behalf pursuant to Art. 40.09(9), V.A.C.C.P. There is no claim of indigency. Nevertheless, we find in the record unassigned error which should be reviewed in the interest of justice under Art. 40.09(13), V.A.C.C.P.

The judgment and the sentence state that appellant was not represented by counsel at trial[1] without a recital that there was a knowing and intelligent waiver of counsel. The Supreme Court in *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), after discussing constitutional authorities, stated:

"We hold, therefore, that absent a knowing and intelligent waiver, *no person may be imprisoned* for any offense, whether classified as petty, misdemeanor, or felony, *unless he was represented by counsel at his trial.*" (Emphasis added.)

 In the instant case, there is nothing in the record before us to show a knowing and intelligent waiver by appellant of his right to be represented by counsel at trial;[2] we cannot presume such waiver from a silent record. *Carnley v. Cochran*, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962). Consequently, the judgment must be reversed and the cause remanded. *Baker v. State*, 519 S.W.2d 648 (Tex.Cr.App. 1975).

The judgment is reversed and the cause is remanded.

Opinion approved by the Court.

---

1. In the first part of the printed judgment in which a blank was completed it states: " . . . his counsel, NO ATTORNEY also being present." In another printed part of the form it recites the appellant and his counsel were present when the jury brought its verdict on guilt in open court, but words in the printed form were struck to show the appellant did not

have counsel when the jury returned in open court its verdict setting punishment.

2. A terse docket entry appearing to be made with a rubber stamp, " . . . Def. warned and arraigned. Plea of NOT Guilty . . ." is not sufficient to show a knowing and intelligent waiver of counsel.