**Louis EMPY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 55957.**

Court of Criminal Appeals of Texas.

Sept. 20, 1978.

William L. Garrett, Dallas, for appellant.

Henry Wade, Dist. Atty., Fred C. McDaniel and Mary Ludwick, Asst. Dist. Attys., Dallas, for the State.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for theft of more than $20.00 but less than $200.00; the punishment is a $300.00 fine. Appellant contends that the judgment is void since, when he entered his plea of guilty without representation by counsel, there existed a possibility his punishment would include imprisonment.

Appellant's contention finds apparent support in *Ex parte Herrin*, 537 S.W.2d 33 (Tex.Cr.App.1976), in which it was said:

"It is well settled that criminal defendants in misdemeanor cases are entitled to counsel if there exists a possibility that imprisonment may be imposed. *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); *Walker v. State*, 486 S.W.2d 330 (Tex.Cr.App.1972); *Ramirez v. State*, 486 S.W.2d 373 (Tex.Cr. App.1972)."

This sentence is susceptible of misinterpretation. Let us examine the cases relied on for the statement quoted from *Ex parte Herrin*, supra, and let us compare the facts of *Ex parte Herrin*, supra, with the facts of this case.

There is no language in *Argersinger v. Hamlin*, supra, which requires that defendants in misdemeanor cases be represented by counsel merely because there exists a possibility that imprisonment may be imposed. The punishment assessed in that case included imprisonment for 90 days. Mr. Justice Douglas, who authored the opinion for the United States Supreme Court, said:

"We need not consider the requirements of the Sixth Amendment as regards the right to counsel where loss of liberty is not involved, however, for here petitioner was in fact sentenced to jail."

*Argersinger v. Hamlin*, supra, holds that absent a knowing and intelligent waiver no person may be imprisoned for any offense unless at his trial he was represented by counsel, but it was also said in that case that:

"Under the rule we announce today, every judge will know when the trial of a misdemeanor starts that no imprisonment may be imposed, even though local law permits it, unless the accused is represented by counsel. He will have a measure of the seriousness and gravity of the offense and therefore know when to name a lawyer to represent the accused before the trial starts.

"The run of misdemeanors will not be affected by today's ruling. But in those that end up in the actual deprivation of a person's liberty, the accused will receive the benefits of 'the guiding hand of counsel' so necessary when one's liberty is in jeopardy."

In *Walker v. State*, supra, a prior conviction was held void because the defendant had not been represented by counsel when tried for the misdemeanor offense of driving a motor vehicle upon a public road while intoxicated; however, on conviction for that offense imprisonment was a mandatory punishment. Art. 802, V.A.P.C. (1925). In *Ramirez v. State*, supra, a prior conviction was held void because the defendant had not been represented by counsel when he was tried for the misdemeanor offense of child desertion; however, on conviction for that offense imprisonment was a mandatory punishment. Art. 602, V.A.P.C. (1925, as amended, Acts 1959). Although not cited in *Ex parte Herrin*, supra, the same result was reached in *Ex parte Webster*, 497 S.W.2d 305 (Tex.Cr.App.1973), as in *Walker v. State*, supra.

In *Ex parte Herrin*, supra, the defendants had been tried on pleas of not guilty before a jury and the punishment *actually* assessed was 90 days' imprisonment and a fine of $500.00.

In the instant case the appellant was tried before the court and the punishment

assessed was a fine of $300.00. The trial judge knew of the holding of *Argersinger v. Hamlin*, and knew that when he accepted the appellant's plea of guilty he could not assess punishment of imprisonment, but could only assess a fine if the appellant was unrepresented by counsel. In these circumstances, the court was not required to appoint an attorney to represent the appellant. *Argersinger v. Hamlin*, supra; and see *Aldrighetti v. State*, 507 S.W.2d 770 (Tex.Cr.App.1974); *Lopez v. State*, 507 S.W.2d 776 (Tex.Cr.App.1974); *Ex parte Casarez*, 508 S.W.2d 620 (Tex.Cr.App.1974). We hold as we did in *Aldrighetti v. State*, supra; *Lopez v. State*, supra, and *Ex parte Casarez*, supra, that when *only* a fine is actually assessed in a misdemeanor case, the judgment is not void even though the defendant was indigent, was not represented by counsel, and was convicted under a statute which included imprisonment as a possible punishment.

The dissenting opinion appears to engage in a bit of studied sophistry by stating, "The facts in *Hooper v. State*, Tex.Cr.App., 557 S.W.2d 122 are similar to those in the instant case except that the defendant therein was assessed a jail term." Since Hooper's punishment was imprisonment for ninety days and the punishment in the instant case was only a fine the facts are quite dissimilar and the opinion in *Hooper v. State*, supra, and in this case are entirely consistent. The long quotation from *Hooper v. State*, supra, in no way supports the dissent since Hooper's punishment was imprisonment for ninety days and the appellant's here was by only a fine.

The dissenting opinions imply that the majority interpretation of *Argersinger v. Hamlin*, supra, is unique. However, it is the interpretation of *Argersinger v. Hamlin*, supra, by the United States Court of Appeals for the Fifth Circuit and the dissenters here that is out of line with the interpretation of courts in other jurisdictions. The majority opinion here is in agreement with the interpretation of *Argersinger v. Hamlin*, supra, by the Supreme Courts of Illinois, Virginia, Florida, Idaho, and Mississippi as well as the United States

Courts of Appeal for the Fourth and Tenth Circuits.

As succinctly put in *Sweeten v. Sneddon*, 463 F.2d 713 (10th Cir. 1972): "*Argersinger* forbids imprisonment without representation. It does not forbid trial without representation."

The Supreme Court of Illinois in *People v. Scott*, 68 Ill.2d 269, 12 Ill.Dec. 174, 369 N.E.2d 881 (1977) said:

"We are unpersuaded by defendant's argument that the mere possibility of incarceration upon conviction should trigger a defendant's constitutional right to counsel for there exists no possibility of incarceration if counsel was not properly waived. We are not inclined to extend *Argersinger* and *Morrisey* merely because a defendant is charged with a statutory offense which provides for various sentencing alternatives upon conviction."

See also *Whorley v. Commonwealth*, 215 Va. 740, 214 S.E.2d 447 (1975); *Mahler v. Birnbaum*, 95 Idaho 14, 501 P.2d 282 (1972); *Nelson v. Tullos*, 323 So.2d 539 (Miss.1975); *Rollins v. State*, 299 So.2d 586 (Fla.1974); *Marston v. Oliver*, 485 F.2d 705 (4th Cir. 1973); *Morgan v. Juvenile and Domestic Relations Court of Halifax County, Virginia*, 491 F.2d 456 (4th Cir. 1974).

Art. 26.04, V.A.C.C.P., in part provides that when an accused is charged with a misdemeanor *punishable* by imprisonment and he is too poor to employ counsel, the court shall appoint an attorney to defend him. Although this statute antedates *Argersinger v. Hamlin*, supra, we construe it in light of *Argersinger v. Hamlin*, supra, to require the appointment of counsel only when the court knows it will assess punishment including imprisonment or when the trial is before a jury where the possible punishment authorized includes imprisonment. A defendant is not *punishable* by imprisonment if he is unrepresented by counsel unless he waives counsel. The concurring opinion of Chief Justice Burger and the concurring opinion of Mr. Justice Powell in *Argersinger v. Hamlin*, supra, discuss the limitation of punishment to a fine when

a defendant without counsel is tried under a statute which provides punishment by both fine and imprisonment. They also discuss the difference between jury and non-jury trials in this respect. It is unnecessary to repeat these discussions in this opinion.

█ In this case there is nothing to indicate that the appellant was too poor to employ counsel. The transcription of the court reporter's notes of the hearing on the motion for new trial is not properly before us for consideration. The portion of the record of which we may properly take cognizance shows that the appellant was a self-employed house painter twenty-eight years of age. He was married, had no children, and owned his home. He made one personal appearance bond which was forfeited and then made another appearance bond with a corporate surety. He made an appeal bond with corporate surety, and he was represented on a motion for new trial by an attorney who was not appointed. In these circumstances it was unnecessary for the court to appoint counsel under the provisions of Art. 26.04, V.A.C.C.P.

Moreover, there appears in this record an instrument designated "Waiver of Appointment of Attorney by Defendant Entering a Plea of Guilty" which was signed by the appellant. The pertinent part of this instrument reads:

"Now comes the undersigned defendant in this cause and represents to the Court that he has no attorney, that he does not intend to employ counsel herein, and that he waives any right he may have, on application therefor, to have the court appoint an attorney to defend him in this cause;

"Defendant further represents to the Court that he desires to make immediate disposition of this case by here and now entering his plea of guilty herein, waiving trial by jury and submitting it to the Court on all issues of law and fact;

"Wherefore, premises considered, defendant prays the court to proceed immediately on the filing hereof to arraign him in this cause, to accept his said plea of guilty and waiver of trial by jury, to enter judgment thereon and, having entered the same, to immediately sentence him in the manner provided by law, waiving for said purpose every provision of law the effect of which would delay or arrest entry of judgment or imposition of sentence herein."

To the extent that it is in conflict with the opinion here, *Ex parte Herrin,* supra, is overruled.

Appellant also contends that he was not properly admonished as to the consequences of his plea of guilty pursuant to Art. 26.13, V.A.C.C.P. The record does not include a transcription of the court reporter's notes made when the appellant entered his guilty plea. However, it has been the law in this State for one hundred years that such admonishment need not precede the acceptance of a plea of guilty to a misdemeanor. This rule was first announced in *Berliner v. State,* 6 Tex.App. 181 (1879), which states, "The article in the statute, which says, 'If the defendant pleads guilty, he shall be admonished by the court of the consequenses,' refers entirely to felonies." A more elaborate statement of the rule appears in *Johnson v. State,* 39 Tex.Cr.R. 625, 48 S.W. 70 (1898), where it is said, in reference to the Code of Criminal Procedure of 1895:

"Our statute with reference to felonies provides that, where a defendant pleads guilty, it must be in open court, and by the defendant in person, and he must be admonished by the court of the consequences of said plea, and no such plea shall be received unless it plainly appears that he is sane, and is uninfluenced by any consideration of fear, by any persuasion or delusive hope of pardon, prompting him to confess his guilt. And in such case there must be a jury impaneled to assess his punishment, and evidence submitted to enable them to decide thereon. See Code Cr.Proc. arts. 554, 555, 570 [Arts. 26.13, 26.14, 27.13, V.A.C.C.P. 1965] . . . But these provisions do not apply to misdemeanors. Code Cr.Proc. art. 571 [Art. 27.14, V.A.C.C.P. 1965], pro-

vides: 'A plea of guilty in a case of misdemeanor may be made either by the defendant or his counsel in open court; and in such case the defendant or his counsel may waive a jury and the punishment may be assessed by the court, either upon evidence or without it at the discretion of the court.' . . . We know of no statute that requires any sort of warning to be given to a defendant in a misdemeanor case when he enters a plea of guilty."

This Court has consistently adhered to the rule. *Burton v. State,* 112 Tex.Cr.R. 334, 16 S.W.2d 828 (1929); *Letterman v. State,* 146 Tex.Cr.R. 37, 171 S.W.2d 349 (1943); *Bumguardner v. State,* 147 Tex.Cr.R. 188, 179 S.W.2d 768 (1944); *Brewer v. State,* 147 Tex.Cr.R. 289, 180 S.W.2d 167 (1944); *Townsel v. State,* 162 Tex.Cr.R. 221, 283 S.W.2d 944 (1955); *Foster v. State,* 422 S.W.2d 447 (Tex.Cr.App.1967); *Gallegos v. State,* 425 S.W.2d 648 (Tex.Cr.App.1968); *Whelan v. State,* 472 S.W.2d 140 (Tex.Cr. App.1971); *Buchanan v. State,* 480 S.W.2d 207 (Tex.Cr.App.1972); *Johnson v. State,* 492 S.W.2d 955 (Tex.Cr.App.1973). The trial court did not commit reversible error by failing to admonish appellant, if it did fail to admonish him, pursuant to Art. 26.13, supra. Most judges follow a commendable practice in misdemeanor cases of carefully admonishing defendants of the consequences of their pleas whether they are or are not represented by counsel.

The judgment is affirmed.

TOM G. DAVIS, Judge, dissenting.

I dissent to the majority's holding (1) that when a fine only is imposed the defendant has no right to counsel, although the possible punishment could have included up to one year in jail; (2) the implication in the majority opinion that there is not a necessity of a knowing and intelligent waiver of counsel "since there is nothing to indicate that the appellant was too poor to employ counsel"; (3) that the instrument executed by appellant and appearing in the record before us reflects a knowing and intelligent waiver of counsel. This is an appeal from a

conviction for theft over $20. V.T.C.A. Penal Code, Sec. 31.03(d)(3). Being a Class A misdemeanor, V.T.C.A. Penal Code, Sec. 12.-21(2), punishment can be up to one year in jail.

It is clearly established that, absent a knowing and intelligent waiver of counsel, no person may be imprisoned for any offense unless he was represented by counsel at trial. *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). This Court has held that criminal defendants in misdemeanor cases are entitled to counsel if there exists a possibility that imprisonment may be imposed.

In *Ex parte Herrin,* 537 S.W.2d 33 (Tex. Cr.App.1976), we said:

"It is well settled that criminal defendants in misdemeanor cases are entitled to counsel if there exists a possibility that imprisonment may be imposed. *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 520 (1972); *Walker v. State,* 486 S.W.2d 330 (Tex.Cr.App.1972); *Ramirez v. State,* 486 S.W.2d 373 (Tex.Cr. App.1972)."

In *Ex parte Olvera,* 489 S.W.2d 586 (Tex. Cr.App.1973), we said:

"The Fifth Circuit Court of Appeals in *Olvera v. Beto,* 429 F.2d 131 (1970), found that

'. . . adopting the proper perspective for judging the severity of the charge—the *maximum* penalty which the defendant *may* receive—it is apparent that *all* of appellant's misdemeanor convictions are constitutionally void. In each case the appellant faced a maximum, potential penalty of a $1,000 fine and two years imprisonment.' (Emphasis supplied.)"

In *Thomas v. Savage,* 513 F.2d 536 (5th Cir. 1975), cert. denied 424 U.S. 924, 96 S.Ct. 1135, 47 L.Ed.2d 333 (1976), the Fifth Circuit again reiterated the rule that it is the maximum possible punishment, not the sentence received, that determines the right to counsel. The court stated:

"At the time of his misdemeanor conviction in 1964 there is no doubt but that Thomas was entitled to appointed counsel

if he was unable to afford counsel. *Olvera v. Beto,* 429 F.2d 131 (5th Cir. 1970); *Matthews v. Florida,* 422 F.2d 1046 (5th Cir. 1970). The necessity for counsel is judged by the maximum penalty the defendant *may* receive. *Olvera v. Beto,* supra. In this respect the cases of this circuit go beyond the Supreme Court's decision in *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), which would only require the appointment of counsel when a sentence of imprisonment is imposed. This right to counsel applies retroactively. *Berry v. City of Cincinnati,* 414 U.S. 29, 94 S.Ct. 193, 38 L.Ed.2d 187 (1973); *Olvera v. Beto,* supra. Here, since Thomas was faced with a possible maximum of two years imprisonment and/or a $1,000 fine, he was entitled to appointed counsel if indigent."

In the recent decision of *Potts v. Estelle,* 529 F.2d 450 (5th Cir. 1976), that Court was faced with a case where a number of misdemeanor convictions had been used to impeach the defendant's credibility at his Texas trial. A number of these convictions obtained without counsel did not result in any actual imprisonment. The Court first recognized that:

"In *Argersinger* the Supreme Court left open the question of *Gideon's* [*Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799] application to the situation where the maximum possible sentence for a particular offense is imprisonment, but the sentence actually imposed is only a fine or a term of imprisonment that is suspended."

The Court then noted the rule in *Thomas v. Savage,* supra, and recognized that there was a conflict in the Circuit since the case of *Cottle v. Wainwright,* 477 F.2d 269 (5th Cir.) vacated on other grounds, 414 U.S. 895, 94 S.Ct. 221, 38 L.Ed.2d 138 (1973), held that *Argersinger* applied only where imprisonment had actually been imposed. *Cottle* was of course consistent with the decisions of this Court in *Aldrighetti v. State,* 507 S.W.2d 770 (Tex.Cr.App.1974), and *Lopez v. State,* 507 S.W.2d 776 (Tex.Cr.App.1974),

relied on by the majority. The Court then reasoned:

"Confronted with the choice between *Cottle* and *Thomas,* we follow the latter. Accord *Olvera v. Beto,* supra; *Matthews v. Florida,* 422 F.2d 1046, 1048 (5 Cir. 1970); *James v. Headley,* 410 F.2d 325, 329 (5 Cir. 1969). The logic of our choice should be clear. By dint of the serious problems associated with the prosecution of misdemeanors, the great concern in *Argersinger* was with the salutary contributions to be made through the presence of a lawyer in the courtroom representing the interests of the accused. . . . The issues that arise in misdemeanor prosecutions are often complex and beyond the usual competence of the accused. Whether a sentence of imprisonment is or is not ultimately imposed has little bearing on the complexity of those issues or the ability of the accused to defend himself in the circumstances. Indeed, it may be that the most reliable barometer of the potential problems that can arise in such prosecutions is the maximum penalty the legislature has seen fit to designate for a particular misdemeanor.

"Application of the *Cottle* rule, which looks to the punishment in fact assessed, can lead to curious practical results. For example, where co-defendants are tried together, the judge or the jury, as the case may be, sometimes imposes different sentences on the different co-defendants. Under the *Cottle* rule, a situation can arise where a co-defendant who is convicted but has his sentence suspended is not protected by *Argersinger,* but his co-defendant—convicted of the same crime—is not subject to later impeachment with his conviction because he is the recipient of a jail term. See *Aldrighetti v. State,* 507 S.W.2d 770, 773–75 (Tex.Cr. App.1974) (Onion, P. J., dissenting). The rule of *Thomas* avoids the type of situation depicted above and is, we believe, consonant with the concerns expressed by the Supreme Court in *Argersinger.* For these reasons, we hold that the necessity of counsel in appellant Potts's prior mis-

demeanor prosecutions is to be judged by the maximum possible sentence he could have received in each of those prosecutions."

Likewise, Professor Duke, writing in American Criminal Law Review, stated:

"Those who have read *Argersinger* as approving denial of appointed counsel merely because a jail sentence is not imposed are plainly wrong. *Argersinger* expressly did not decide the right to counsel where 'loss of liberty is not involved.' It should not be construed as if it held the right inapplicable in such a case." [Footnotes omitted.]

Duke, The Right to Appointed Counsel: *Argersinger* and Beyond, 112 Am.Crim.L.Rev. 601, 607 (1975); see, e. g., *Wood v. Supt. Caroline Corr. Unit*, 355 F.Supp. 338 (E.D. Va.1973); *Mills v. Municipal Court for San Diego Jud. Dist.*, 10 Cal.3d 288, 110 Cal. Rptr. 329, 515 P.2d 288 (1973).

Furthermore, Art. 26.04, V.A.C.C.P., provides in part:

"(a) Whenever the court determines at an arraignment or at any time prior to arraignment that an accused charged with a felony *or a misdemeanor punishable by imprisonment* is too poor to employ counsel, the court shall appoint one or more practicing attorneys to defend him. . . ." [Emphasis supplied.]

The majority's rule requiring the trial court to determine the probable punishment prior to trial is neither fair to the State nor the defendant. The State is automatically barred from seeking jail time as a penalty, although within the proscribed punishment range, unless it has presented sufficient evidence to the court in advance of trial to prompt appointment of counsel. There are, of course, doubtless many classes of misdemeanors for which confinement is virtually never imposed, even for a confirmed repeat offender. These offenses can be isolated by class but this is a determination by offense rather than "case-by-case."

Where the likelihood of confinement depends on the facts of the offense, the defendant's record, and other individual criteria, it undermines the prospect of a fair trial to advise the trial judge of adverse evidence in advance of trial, and it places a time-consuming, if not impossible, burden on both the prosecutor and trial judge. Further, considering the volume of cases handled in many misdemeanor courts, the prosecuting attorney will himself know little or nothing about the defendant and his record prior to trial. See, Nutter, The Quality of Justice in Misdemeanor Arraignment Courts, 53 Journal of Criminal Law, Criminology and Police Science 215 (1962).

It is prejudicial to the defendant if the judge determines in advance that confinement is likely upon conviction and therefore appoints counsel, since a subsequent assessment of confinement by the court will appear to have been the product of the pretrial determination, and not the result of the evidence offered at trial. If a judge other than the one who appointed counsel accepts a plea or tries the case, the appointment of counsel by the first judge will appear to be a signal that confinement is appropriate, undermining the objectivity of the second judge. See generally, Duke, supra, at 612.

The judgment and sentence merely recite that the "State of Texas appeared by her Criminal District Attorney" and "Came the Defendant in person."

The instrument executed by appellant insofar as it relates to waiver of counsel recites:

"Now comes the undersigned defendant in this cause and represents to the Court that he has no attorney, that he does not intend to employ counsel herein and that he waives any right he may have, on application therefor, to have the court appoint an attorney to defend him in this cause."

There is no mention of a knowing and intelligent waiver of counsel in the judgment and sentence, nor will the instrument set out above support such a finding. When a defendant makes known his desire to represent himself, "he should be made aware of the dangers and disadvantages of self-representation, so that the record will

establish that 'he knows what he is doing and his choice is made with eyes open.'" *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562. See *Webb v. State,* Tex.Cr.App., 533 S.W.2d 780.

The facts in *Hooper v. State,* Tex.Cr. App., 557 S.W.2d 122, are similar to those in the instant case except that the defendant therein was assessed a jail term. We find our opinion in *Hooper* to be dispositive of all questions presented herein aside from the issue of no jail term being assessed in the instant case. In *Hooper,* we said:

> "*The record is before us without a transcription of the court reporter's notes.* Although a docket entry in the record reflects that appellant is represented by retained counsel on appeal, no brief was filed in appellant's behalf pursuant to Art. 40.09(9), V.A.C.C.P. *There is no claim of indigency.* Nevertheless, we find in the record unassigned error which should be reviewed in the interest of justice under Art. 40.09(13), V.A.C.C.P.
>
> "The judgment and the sentence state that appellant was not represented by counsel at trial [footnote omitted] without a recital that there was a knowing and intelligent waiver of counsel. The Supreme Court in *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), after discussing constitutional authorities, stated:
>
>> 'We hold, therefore, that absent a knowing and intelligent waiver, *no person may be imprisoned* for any offense, whether classified as petty, misdemeanor, or felony, *unless he was represented by counsel at his trial.*' (Emphasis added.)
>
> "In the instant case, there is nothing in the record before us to show a knowing and intelligent waiver by appellant of his right to be represented by counsel at trial (footnote omitted); we cannot presume such waiver from a silent record. *Carnley v. Cochran,* 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962). Consequently, the judgment must be reversed and the cause

remanded. *Baker v. State,* 519 S.W.2d 648 (Tex.Cr.App.1975)." [Emphasis supplied.]

As in the instant case, the record was before us in *Hooper* without a transcription of the court reporter's notes and there was no showing of indigency.[1] Unlike *Barrow v. State,* Tex.Cr.App., 502 S.W.2d 162 (cited by the State), and *Brown v. State,* Tex.Cr. App., 505 S.W.2d 277, cases where there were no transcriptions of the court reporters'. notes, there is no finding in the judgment and sentence in this cause which will enable us to consider the question of whether we can presume that the court's findings or orders were supported by evidence. Further, we cannot agree with the position urged in the State's brief that the burden was upon appellant to perfect a bill of exception or agreed statement of facts when appellant was without the benefit of counsel at trial. We are not here confronted with a situation where the defendant makes a knowing and intelligent waiver of counsel, elects to represent himself, and thereby suffers the burdens and perils of self-representation. See *Webb v. State,* supra.

The record does not reflect a knowing and intelligent waiver of appellant's right to counsel, nor can we presume such a waiver from the record before us. *Carnley v. Cochran,* supra; *Hooper v. State,* supra; *Parker v. State,* Tex.Cr.App., 545 S.W.2d 151; *Baker v. State,* Tex.Cr.App., 519 S.W.2d 648. I cannot agree that the fact that appellant received a fine obviated the necessity of a showing of knowing and intelligent waiver of counsel where the possible punishment could have included up to one year in jail. A procedure whereby the court determines it will not consider the full range of punishment proscribed for an offense prior to trial is foreign to our judicial system.

I dissent.

ONION, P. J., and ROBERTS, J., join this dissent.

1. In the recent case of *Trevino v. State,* Tex.Cr. App., 565 S.W.2d 938, we held the fact that absent counsel was retained rather than appointed did not authorize the trial court to proceed in his absence with a hearing on a motion for new trial.

**534**

PHILLIPS, Judge, dissenting.

I wholly concur in the reasoning and conclusion of Brother T. Davis's dissent, but further explication of constitutional and statutory construction principles is called for.

It has never been determined, as a matter of federal constitutional law binding upon this Court, whether a criminal defendant's right to counsel via the due process clause of the Fourteenth Amendment is applicable to criminal defendants who do not suffer the pains of actual imprisonment. That particular question has been left open and anything appearing to the contrary in *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), is dicta. The Sixth Amendment right to counsel has been considered a fundamental right essential to a fair trial which the states are required to accord criminal defendants under the Fourteenth Amendment. See *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). The Supreme Court in *Gideon* overruled *Betts v. Brady*, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595 (1942), a case in which it was decided that the right to counsel in capital cases as set forth in *Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932), was not applicable across the board to non-capital prosecutions. The court in *Betts*, supra, concluded that the right to appointed counsel was not a fundamental right essential to a fair trial, but rather a matter of legislative policy. (As a tangential matter it is interesting to note that the Texas Legislature decided as a matter of legislative policy in 1965, two years after the decision in *Gideon*, supra, to place upon the courts in this State the mandatory duty of appointing a practicing attorney to defend any criminal defendant charged with a "misdemeanor punishable by imprisonment" when indigent. See Article 26.04, V.A.C.C.P.)

The cases dealing with the right to appointed counsel were concerned with the inherent disadvantage of pitting a layman, untrained in the law, against prosecutors who have the benefit of a legal training and the resources of the government on their side. This imbalance of advantage would exist regardless of the nature of the penalty assessed. Of some relevance to this consideration is the fact that even convicted misdemeanants have the right to appeal to this Court, provided their fine is at least in excess of $100.00 when imposed by a county court, a county criminal court, or a county court at law. See Articles 44.02 and 4.03, V.A.C.C.P. Yet, of what use is such a right when any errors the misdemeanants seek to have this Court review must be properly preserved? See *Zillender v. State*, Tex.Cr. App., 557 S.W.2d 515; Article 28.01(6), V.A. C.C.P.; *McCall v. State*, Tex.Cr.App., 540 S.W.2d 717; *Milton v. State*, Tex.Cr.App., 549 S.W.2d 190; *Reynolds v. State*, Tex.Cr. App., 506 S.W.2d 864; *Writt v. State*, Tex. Cr.App., 541 S.W.2d 424 (preserving illegal search and seizure errors); Articles 27.02(1), 27.08, 27.09, V.A.C.C.P.; *American Plant Food Corporation v. State*, Tex.Cr.App., 508 S.W.2d 598 (preserving error in charging instruments); Article 40.09(6), V.A.C.C.P.; *Toler v. State*, Tex.Cr.App., 546 S.W.2d 290 (creating a Bill of Exception); *Duncantell v. State*, Tex.Cr.App., 563 S.W.2d 252; *Bouchillon v. State*, Tex.Cr.App., 540 S.W.2d 319 (variance between trial objection and ground of error alleged on appeal fails to preserve error); *Cowan v. State*, Tex.Cr. App., 562 S.W.2d 236 (general trial objections preserve nothing for appeal); *Francis v. Henderson*, 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976); *Estelle v. Williams*, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976); and *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) (contemporaneous objection rule vis-a-vis federal post-conviction remedies). The foregoing citations are not an exhaustive survey of statutes and cases which set up rules for preserving error for purposes of appeal, but are indicative of the complex procedural matrix any criminal defendant faces, regardless of the ultimate punishment assessed. There has been no indication that these rules apply differently to pro se misdemeanor appellants. Thus, to deny criminal defendants charged with misdemeanors the assistance of appointed counsel when indigent effectively denies

them their right to a meaningful appeal, not to mention the myriad benefits counsel can provide in the trial context itself.

An additional consideration which is specifically applicable to the case at hand is the collateral consequence that flows from appellant's plea of guilty in this case, notwithstanding the penalty assessed. Under V.T.C.A., Penal Code, § 31.03(d)(4)(C), the conviction of appellant upon his plea of guilty could be used subsequently for enhancement purposes. Without the presence of counsel to advise appellant of the law relating to his case and the consequences of his plea, his plea of guilty could not be knowingly and intelligently entered. *Henderson v. Morgan,* 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976).

I would hold, therefore, that as a constitutional principle any criminal defendant faced with a *possible* term of imprisonment, regardless of the charge's classification, is entitled to the appointment of counsel when indigent. The penalty ultimately assessed would be immaterial.

Yet, we need not predicate our decision in this case upon a constitutional foundation in light of the expressed legislative position found in Article 26.04, V.A.C.C.P.[1] No authority is cited for the unusual procedure by which the majority interprets a 1965 Texas *mandatory* statute by the dicta of a U.S. Supreme Court case occurring seven years after the enactment of the statute. It is even more difficult to understand why the majority would, by way of this unique method of statutory construction, substitute a subjective for an objective test for determining *when* a criminally accused indigent is entitled to the appointment of counsel. The pitfalls of this new "subjective" test are addressed by Judge T. Davis's dissent, supra at 532.

Further, the majority's novel method of statutory construction ignores the commonly accepted meaning of the word "punishable" in Article 26.04, V.A.C.C.P. Webster's New International Dictionary, 2nd Edition, defines "punishable" as the "[D]eserving of, or liable to, punishment; capable of being punished by law or right; . . . ." *Id.* at 2013. We can readily assume that the Texas Legislature realized the difference between the words "punish*able* " and "punish *ed.*"

Finally, using the decision of the United States Supreme Court in *Argersinger v. Hamlin,* supra, to decide the appropriate statutory construction of Article 26.04, V.A.C.C.P., ignores a rudimentary distinction between the decision-making process of the United States Supreme Court and the Texas Legislature. When developing constitutional doctrine, the United States Supreme Court must be cognizant that its rulings will be binding on all state courts pursuant to the Supremacy Clause of the United States Constitution. As a result, that Court's constitutional decisions are carefully circumscribed to address only the issue before them on the available record. On the other hand, each state legislature is entitled to experiment with its rules of criminal procedure within the boundaries of the Bill of Rights. See *Pointer v. Texas,* 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965) (Goldberg, J., concurring opinion); Friendly, *The Bill of Rights of the Code of Criminal Procedure,* 53 Calif.L.Rev. 929 (1965). Article 26.04, V.A.C.C.P., reflects what this state's legislature deemed to be the appropriate scope of a criminal defendant's entitlement to the assistance of counsel. If the burden imposed by this statute is so great that the administration of justice in Texas is jeopardized, it is the responsibility of the legislature to take the appropriate actions to correct that evil. However,

1. Article 26.04, V.A.C.C.P., provides:

"(a) Whenever the court determines at an arraignment or at any time prior to arraignment that an accused charged with a felony or a misdemeanor punishable by imprisonment is too poor to employ counsel, the court shall appoint one or more practicing attorneys to defend him. In making the determination, the court shall require the accused to file an affidavit, and may call witnesses and hear any relevant testimony or other evidence.

(b) The appointed counsel is entitled to ten days to prepare for trial, but may waive the time by written notice, signed by the counsel and the accused."

no showing has been made that the administration of justice in Texas is somehow jeopardized by Article 26.04, V.A.C.C.P. It should therefore apply as written.

In conclusion, I pose this question to the majority: If, as the majority holds, the rule is simply that in the event counsel is not afforded an indigent charged with an offense carrying possible imprisonment, the sentence cannot include imprisonment, then, who is to advise the indigent defendant of this critically important point of law in the event imprisonment is nevertheless imposed?

In light of the foregoing, I respectfully dissent.