**Grant Wesley FORTNER, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2-88-027-CR.**

Court of Appeals of Texas,
Fort Worth.

Feb. 16, 1989.

Frank D. Brown, Wichita Falls, for appellant.

Barry L. Macha, Crim. Dist. Atty., and John Yarmoski, Asst., Wichita Falls, for the State.

Before HILL, FARRIS and MEYERS, JJ.

OPINION

FARRIS, Justice.

Fortner was convicted of resisting arrest and the jury assessed punishment at a fine of $2,000. *See* TEX.PENAL CODE ANN. sec. 38.03 (Vernon 1974). On appeal, Fortner complains the trial court erred in denying his request for appointed counsel. Fortner had requested that the trial court appoint him counsel because of his indigency, but upon the State's announcement that it would not seek jail confinement as punishment, the trial court refused his request. Fortner's complaint is that the trial court erred in denying him appointed counsel because (1) the range of punishment for his offense included imprisonment, and (2) if he failed to pay the fine, he might be imprisoned. We overrule Fortner's points of error, and affirm the judgment of the trial court because Fortner was not entitled to appointment of counsel since the jury-imposed sentence did not include the possibility of actual imprisonment.

In support of his points of error, Fortner relies upon the right to counsel as provided in the sixth and fourteenth amendments to the United States Constitution as announced in *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972) and the Court of Criminal Appeals' interpretation of article 26.04 of the Texas Code of Criminal Procedure in *Empy v. State*, 571 S.W.2d 526 (Tex.Crim.App.1978). Neither of the cases cited by Fortner sustains his points on appeal.

That *Argersinger* does not support Fortner's contentions was made clear by the Supreme Court in a later opinion in which the court expressed its intent to eliminate confusion arising from various interpretations of *Argersinger*. *Scott v. Illinois*, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979). The Court in *Scott* stated that the sixth and fourteenth amendments to the United States Constitution require only that no indigent criminal defendant be sentenced to a term of imprisonment unless the State has first afforded him a right to assistance of appointed counsel. *Id.*, 440

U.S. at 373–74, 99 S.Ct. at 1162, 59 L.Ed.2d at 389. The Court expressed an intent to distinguish between actual imprisonment and cases involving fines or mere threat of imprisonment. *Id.*, 440 U.S. at 373, 99 S.Ct. at 1162, 59 L.Ed.2d at 389.

*Empy* and article 26.04 are of no help to Fortner. The majority opinion in *Empy*, which was handed down in the year before the opinion of the United States Supreme Court in *Scott v. Illinois,* quoted the Supreme Court of Illinois opinion in *People v. Scott,* 36 Ill.App.3d 304, 343 N.E.2d 517 (1976), subsequently affirmed by the United States Supreme Court. Both the Court of Criminal Appeals and the Illinois court refused to extend the meaning of *Argersinger,* as argued by Fortner. The Court of Criminal Appeals interpreted that part of article 26.04 of the Texas Code of Criminal Procedure, which provides for appointment of counsel when an indigent accused is charged with a misdemeanor punishable by imprisonment, to require the appointment of counsel only when the court knows that the punishment it will assess includes imprisonment or when the trial is before the jury and the possible punishment includes imprisonment. *Empy,* 571 S.W.2d at 528.

With regard to Fortner's argument that he was entitled to appointment of counsel because if he fails to pay his fine, he faces the possibility of imprisonment, we merely note that similar circumstances existed in *Scott v. Illinois* and *Empy v. State,* as well as any other case in which one convicted of a misdemeanor and assessed a fine faces the possibility that he may later be subject to imprisonment if he refuses to pay the assessed fine. This sort of likelihood is no more than the mere threat of imprisonment addressed by the court in *Scott. Scott,* 440 U.S. at 373, 99 S.Ct. at 1162, 59 L.Ed.2d at 389.

We affirm the judgment of the trial court.