# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00180-CR

**Peggy Little, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 3 OF WILLIAMSON COUNTY
### NO. 99-5147-3, HONORABLE DON HIGGINBOTHAM, JUDGE PRESIDING

Appellant Peggy Little pleaded no contest to driving while intoxicated. *See* Tex. Pen. Code Ann. § 49.04 (West Supp. 2001). The court adjudged appellant guilty and assessed punishment at incarceration for 180 days and a $2000 fine, but suspended imposition of sentence and placed her on community supervision. Finding no merit in appellant's two points of error, we affirm the conviction.

Appellant first complains that the court did not admonish her regarding the range of punishment as provided by article 26.13. Tex. Code Crim. Proc. Ann. art. 26.13(a)(1) (West Supp. 2001). Article 26.13 does not apply to misdemeanors. *Empy v. State*, 571 S.W.2d 526, 529 (Tex. Crim. App. 1978). Point of error one is overruled.

Appellant further complains that the court abused its discretion by overruling her motion for new trial. She argues that her plea was involuntary because she was not admonished about the range of punishment and because she never stated that her plea was voluntary.

The record reflects that appellant was represented by counsel. Appellant assured the court that she understood the punishment range. When asked by the court if pleading no contest was "what you want to do," she replied, "At this point, Your Honor, I don't have a choice. I have kids waiting." This was a reference to the court having previously overruled her third motion for continuance, filed the day set for trial, in which she urged that the trial setting conflicted with certain unavoidable job duties at the school where she was employed. Appellant does not contend the court erred by overruling the continuance motion. The record supports the court's finding that appellant knowingly and voluntarily pleaded no contest, and we find no abuse of discretion in the overruling of the motion for new trial. Point of error two is overruled.

The judgment of conviction is affirmed.

_____

Jan P. Patterson, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed: November 29, 2001

Do Not Publish