

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-25-00131-CR

---

PIERRE DAMOND HALL, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 55963-B

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin
Concurring Opinion by Justice van Cleef, Joined by Chief Justice Stevens

MEMORANDUM OPINION

Pierre Damond Hall pled guilty to the third-degree felony offense of possession of a controlled substance, methamphetamine, in an amount of one gram or more but less than four grams, and was placed on deferred adjudication community supervision. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.1022 ("Penalty Group 1-B"), 481.115(c) (Supp.). The State filed a motion to revoke Hall's deferred adjudication community supervision, alleging that he tested positive for methamphetamine and amphetamine and failed to complete an outpatient-treatment program. The trial court revoked Hall's community supervision, adjudicated him guilty, and sentenced him to nine years' imprisonment. Hall appeals. But he appeals neither his adjudication of guilt nor his prison sentence. Instead, Hall appeals a $1,550.00 fine. Hall does so at taxpayer expense; he appeals via appointed counsel, i.e., taxpayer-provided counsel. There is, however, no constitutional right to taxpayer-provided counsel to contest a fine.

This raises issues addressed herein.

I.    *Anders*[1] **Liberty-Interest Protection**

Hall's appointed appellate counsel filed a brief stating, "Counsel for Appellant has not found any issues for review. Th[e] brief is written according to *Anders v. California*, 386 U.S. [738] (1967)." The brief examined possible avenues for reversing the adjudication and sentence but set forth counsel's basis for believing that, on the law and the facts of Hall's case, those avenues would prove fruitless. In the same brief, however, counsel asked that the trial court's judgment be reformed to delete a fine that was not orally pronounced at sentencing.

---

[1]*See Anders v. California*, 386 U.S. 738 (1967).

Our Court,[2] and others,[3] do not consider a fine to be "reversible" error for purposes of *Anders*. There is reason for this. The right to appointed counsel springs from the constitutional liberty interest. "This Court has held that the right to counsel guaranteed by the Sixth Amendment applies at the first appearance before a judicial officer at which a defendant is told of the formal accusation against him and restrictions are imposed *on his liberty*." *Rothgery v. Gillespie Cnty.*, 554 U.S. 191, 194 (2008) (emphasis added); *see Gonzalez v. State*, 616 S.W.3d 585, 594 (Tex. Crim. App. 2020). Consequently, there is no constitutional right to appointed counsel regarding fines. *See Empy v. State*, 571 S.W.2d 526, 527–28 (Tex. Crim. App. 1978). "In bringing an appeal as of right from his conviction, a criminal defendant is attempting to demonstrate that the conviction, with its consequent drastic *loss of liberty*, is unlawful." *Penson v. Ohio*, 488 U.S. 75, 85 (1988) (emphasis added) (quoting *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). "[T]he Sixth and Fourteenth Amendments to the United States Constitution require only that no indigent criminal defendant be sentenced *to a term of imprisonment* unless the State has afforded him the right to assistance of appointed counsel in his defense." *Scott v. Illinois*, 440 U.S. 367, 373–74 (1979) (emphasis added).

[2]*See Allen v. State*, No. 06-20-00072-CR, 2021 WL 55640, at *1–2 (Tex. App.—Texarkana Jan. 7, 2021, no pet.) (mem. op., not designated for publication) (finding no reversible error on *Anders* review, examining a fine as non-reversible error, and reforming the trial court's judgment to delete the fine); *Thomas v. State*, No. 06-19-00238-CR, 2020 WL 1467025, at *1–2 (Tex. App.–Texarkana Mar. 26, 2020, no pet.) (mem. op., not designated for publication) (same).

[3]*See e.g.*, *Whitmore v. State*, No. 12-22-00261-CR, 2023 WL 4882910, at *2 (Tex. App.—Tyler July 31, 2023, no pet.) (per curiam) (mem. op., not designated for publication) (finding "no reversible error" for purposes of *Anders* review, then reforming the trial court's judgment to delete a fine.); *Aaron v. State*, No. 13-20-00295-CR, 2021 WL 1134310, at *1–2 (Tex. App.—Corpus Christi–Edinburg Mar. 25, 2021, no pet.) (mem. op., not designated for publication) (same). However, not all of our sister courts share this view. "Because he challenged the assessment of a fine, which is part of the sentence imposed, appointed counsel raised a non-frivolous merits issue involving reversible error." *Palacio v. State*, 685 S.W.3d 160, 163 (Tex. App.—Waco 2023, no pet.) (citing *Cummins v. State*, 646 S.W.3d 605, 619 n.10 (Tex. App.—Waco 2022, pet. ref'd)).

In sum, *Anders* protects the constitutional liberty interest. *See Meza v. State*, 206 S.W.3d 684, 687 (Tex. Crim. App. 2006) ("the core Fourteenth Amendment constitutional right to appellate counsel for indigent criminal defendants that *Anders* was intended to vindicate").

When appointed counsel's "good-faith review of the law and record suggests to [her] no plausible grounds for appeal, appointed counsel's 'duty to withdraw is based upon [her] professional and ethical responsibilities as an officer of the court not to burden the judicial system with false claims, frivolous pleadings, or burdensome time demands.'" *Kelly v. State*, 436 S.W.3d 313, 318 (Tex. Crim. App. 2014) (quoting *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding)). The "*Anders* brief" is an adjunct of appointed counsel's motion to withdraw. *See id.* "The purpose of the *Anders* brief is to satisfy the appellate court that the appointed counsel's motion to withdraw is, indeed, based upon a conscientious and thorough review of the law and facts . . . ." *Id.* The defendant has a right to file a pro se response in opposition to the *Anders* brief. *Id.* at 319.

The Court may not grant the motion to withdraw until it has performed its own evaluation of the record. *Id.* (citing *Penson*, 488 U.S. at 82–83).

Counsel filed a motion with this Court seeking to withdraw as counsel in this appeal. We have conducted an independent review of the entire record and the *Anders* brief. We affirm the trial court's judgment. Hall's appointed counsel has filed a brief stating that he reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief outlines the procedural history of the case and summarizes the evidence presented during the trial court proceedings. Since counsel has provided a professional evaluation of the record demonstrating

4

why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders*. *See Anders*, 386 U.S. at 743–44 (1967); *Kelly*, 436 S.W.3d at 318–19.

On January 14, 2026, appellate counsel mailed to Hall copies of the brief, motion to withdraw, and appellate record. Hall was informed of his right to review the record and file a pro se response. By letter dated January 15, 2026, this Court informed Hall that his pro se response was due on or before January 30, 2026. On February 11, 2026, we further informed Hall that the case would be set for submission on March 4, 2026. We received neither a pro se response from Hall nor a motion requesting an extension of time in which to file such a response.

We have reviewed the entire appellate record and Hall's pro se response and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that no reversible error exists, we must affirm the trial court's judgment. *See Bledsoe*, 178 S.W.3d at 826–27.

## II. "Nonreversible Error"

As noted above, Hall's appellate counsel challenges a $1,550.00 "<u>Fine</u>" found in the judgment. We find the fine unsupported by this record and modify the judgment to delete it. In any plain-speaking use of the word, this is a "reversal" of the fine. However, as noted above, *Anders* has its own argot, in which "reversible error" and "nonreversible error" are used to signify that which must be included in an *Anders* brief, and that which merely may be. *See Allen*, 2021 WL 55640, at *1–2. In light of this distinction, we address questions raised by an *Anders* brief that finds no "reversible error" but raises "nonreversible error."

5

"[W]hen an accused receives deferred adjudication, no sentence is imposed. Then, when guilt is adjudicated, the order adjudicating guilt sets aside the order deferring adjudication, including the previously imposed fine." *Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004). Consequently, when a trial court determines that it is time to put an end to deferred adjudication, any fine must be orally pronounced at the adjudication hearing. *See id.*; *Ramirez v. State*, No. 06-24-00003-CR, 2024 WL 2197229, at *1 (Tex. App.—Texarkana May 16, 2024, no pet.) (mem. op., not designated for publication); *Funk v. State*, Nos. 12-25-00003-CR & 12-25-00004-CR, 2025 WL 2985044, at *4–5 (Tex. App.—Tyler Oct. 22, 2025, no pet.) (mem. op., not designated for publication). "A fine is punitive in nature and is part of a defendant's sentence." *Anastassov v. State*, 664 S.W.3d 815, 820 (Tex. Crim. App. 2022). "A fine is not a court cost or fee; it is part of the punishment." *Id.* at 823.

Here, a fine of $1,550.00 is found in the order placing Hall on deferred adjudication as well as in the judgment of conviction. The fine was part of the written plea agreement which brought about the order of deferred adjudication. The trial court accepted that plea agreement and orally pronounced the fine when placing Hall on deferred adjudication. But that pronouncement does not count when the trial court puts deferred adjudication to an end and proceeds to adjudication. *Taylor*, 131 S.W.3d at 502. There was no oral pronouncement of the fine at the adjudication hearing.

Before deciding what this Court will do about the fine, we pause to note three things.

First, Hall's brief did not put forward a standard of review for our evaluation of the fine.

Second, there are exception(s) to the oral pronouncement requirement; the oral pronouncement requirement can be subject to countervailing considerations. *See Ette v. State*, 559 S.W.3d 511, 517 (Tex. Crim. App. 2018) ("We hold that the $10,000 fine assessed by the jury may be properly imposed despite the trial judge's failure to orally pronounce it.").

Third, the State did not file a brief, and therefore this Court does not have the benefit of the State's view regarding the fine, the standard of review, and whether any exception to oral pronouncement applies in this case. We do not, however, categorize this as a failure by the State. At this point in time, what the Court has before it is a motion to withdraw by Hall's appointed counsel and a brief in support of that motion. *See Kelly*, 436 S.W.3d at 318–19. In other words, we do not have a typical appellant's brief, and, therefore, it is unclear whether the State has the right or the duty to respond to a motion asserting that the conviction and sentence should stand. In the ordinary course of things, the State would have no reason to oppose such a motion.[4]

Our court has not spoken to the State's briefing rights and duties in the course of *Anders* "reversible error" liberty interest review. The Waco Court of Appeals, however, has held that "the State's right to file a responsive brief will commence upon the filing of a *pro se* response by an appellant." *Wilson v. State*, 955 S.W.2d 693, 697 (Tex. App.—Waco 1997, order) (per curiam). This has the practical effect in many cases that the State never has a right to file a brief because, in many cases, there is no pro se response to the *Anders* brief. *Cummins*, 646

---

[4]*But see* TEX. CODE CRIM. PROC. ANN. art. 39.14(k) (Supp.) ("If at any time before, during, or after trial the [S]tate discovers any additional document, item, or information required to be disclosed under Subsection (h), the [S]tate shall promptly disclose the existence of the document, item, or information to the defendant or the court.").

S.W.3d at 610 ("[T]he State's right to respond is rarely triggered."). In light of this, the Waco Court of Appeals has crafted its own approach for handling *Anders* briefs that also present "non-reversible" error.[5]

Our court has not committed to the *Cummins* approach or any formalized approach. However, we agree with our sister court that, "[i]n recent years . . . we began to receive a growing number of *Anders* briefs that also requested modifications to the judgment." *Id.*

This increase in requests for modifications to the judgment raises concerns.

As Professors Dix and Dawson have explained in their treatise,

> States have a legitimate interest in being able to develop and implement procedures which identify frivolous appeals and permit resolution of them without the cost of providing the defendant-appellant with counsel's help in preparing and submitting a full merits brief. Such procedures must also, of course, *protect other appellants* with nonfrivolous appeals from being denied their right to full assistance of counsel in pursuing those nonfrivolous appeals.
>
> 42 GEORGE E. DIX & ROBERT O. DAWSON, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 24.148, at 327 (2d ed.2001).

*In re Schulman*, 252 S.W.3d at 407 n.12 (emphasis added).

In other words, there is a costs/benefits balance to be struck in this field. *See id.* Time and expense spent on one thing (such as a $1,550.00 fine) takes away from other things (such as

---

[5]In *Cummins*, the Waco court stated,

> [W]hen this type of brief is filed—an *Anders* brief also asserting nonreversible error, which we later refer to as an *Allison* brief—this Court will conduct an independent review of the record for reversible error involving the defendant's conviction and sentence and then treat the briefed nonreversible error as a merits issue. Because there is a merit-based argument made by appellant, the State is entitled and expected to file a brief responding to the alleged nonreversible error.

*Cummins*, 646 S.W.3d at 612.

review of liberty interest matters in Hall's case, or review of liberty interest matters for other defendants). *See id.*; *Teague v. State*, No. 06-24-00165-CR, 2026 WL 1052862, at *20–22 nn.40–41 & 49 (Tex. App.—Texarkana Apr. 20, 2026, no pet. h.) (not designated for publication) (Rambin, J., concurring).

Consideration of balancing factors does not violate the Sixth Amendment right to counsel. "Not every restriction on counsel's time or opportunity to investigate or to consult with his client or otherwise to prepare for trial violates a defendant's Sixth Amendment right to counsel." *Morris v. Slappy*, 461 U.S. 1, 11 (1983). In the context of motions for continuance, for example, "[t]rial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons." *Id.* When assessing whether to grant a continuance, "courts may not ignore the concerns of victims." *Id.* at 14. The concerns of the entire judicial system also factor into the balance. "The spectacle of repeated trials to establish the truth about a single criminal episode inevitably places burdens on *the system* in terms of witnesses, records, and fading memories, to say nothing of *misusing judicial resources*." *Id.* at 15 (emphasis added).

We do two things:

In this case, we modify the trial court's judgment to delete the complained-of fine.

For future cases, we inform the State that when an *Anders* brief raises non-liberty interest matters,[6] the State may respond.

## III.     Conclusion

We therefore modify the trial court's judgment to delete the challenged $1,550.00 "<u>Fine</u>."

We affirm the trial court's judgment, as modified.[7]


Jeff Rambin
Justice


CONCURRING OPINION

I respectfully concur with the opinion of Justice Rambin.  While I reach the same result, I do so by a different analysis.

In my view, appointed appellate counsel and retained appellate counsel have the same duties and scope of representation, as defined at the outset of the representation.  Nothing in the record hints at a limit to appointed appellate counsel's scope of representation.  Accordingly, the

---

[6]Here the non-liberty interest matter was a fine.  In future cases, it may be something else such as a cost, a fee, or a reimbursement.  Via this footnote, however, we do not enumerate every potential non-liberty interest matter which might be raised in conjunction with an *Anders* brief.

[7]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case.  *See Anders*, 386 U.S. at 744.  No substitute counsel will be appointed.  Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.

general duties of appellate counsel, in all criminal appeals, include considering and, if necessary, addressing all aspects of the conviction, including a fine.

Accordingly, I concur with the opinion of Justice Rambin.


Charles van Cleef
Justice

Date Submitted:     March 4, 2026
Date Decided:      April 27, 2026

Do Not Publish